Richard F. Holley, Esq. (NV Bar No. 3077)
Email: rholley@nevadafirm.com
Ogonna M. Brown, Esq. (NV Bar No. 7589)
Email: obrown@nevadafirm.com
HOLLEY DRIGGS WALCH
FINE WRAY PUZEY & THOMPSON
400 South Fourth Street, Third Floor
Las Vegas, Nevada 89101
Telephone:    702/791-0308
Facsimile:    702/791-1912

E-filed on: May 29, 2018

*Attorneys for Western Alliance Bank,*
*as successor in interest to Centennial Bank*

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

In re:

THE SPRINGS BUILDING, LLC,

Debtor.

Case No.  BK-S-18-12320-LEB
Chapter 11

**DECLARATION OF OGONNA M. BROWN, ESQ. IN SUPPORT OF OBJECTION TO DEBTOR'S APPLICATION BY DEBTOR AND DEBTOR-IN-POSSESSION FOR AUTHORIZATION TO RETAIN AND EMPLOY COUNSEL UNDER GENERAL RETAINER**

Judge: Hon. Laurel E. Babero

I, Ogonna M. Brown, Esq., declare and state as follows:

1.       I am an attorney duly licensed to practice law in the State of Nevada.

2.       I am a shareholder with the law firm of Holley Driggs Walch Fine Wray Puzey & Thompson, counsel of record for Western Alliance Bank, as successor in interest to Centennial Bank (the "Bank").

3.       I have personal knowledge of the facts set forth herein.

4.       I make this Declaration in support of the Opposition (the "Opposition") to the Debtor's Application for Authorization to Retain and Employ Counsel Under General Retainer [Dkt. No. 10].

5.       I have personal knowledge of the facts set forth in this Declaration and if called as a witness could and would competently testify concerning these facts.

07397-24/2042583.docx

6.　　On August 24, 2017, the law firm of Cohen Johnson Parker Edwards, wrote a letter to the Debtor's principal, Ronald Robinson, regarding the Purchase and Sale Agreement executed on August 24, 2017, by Cohen-Johnson, LLC as the buyer and The Spring Building, LLC as the seller, for the purchase of the Property in the amount of $4.1 million, and a $100,000 earnest money deposit. A true and correct copy of the letter and Agreement is attached hereto as **Exhibit "1"**.

7.　　On or around October 19, 2017, the Cohen-Johnson Firm and the Debtor executed the Assignment of Proceeds ("Assignment"), pursuant to which they agreed to turn over to the bank the earnest money deposit in the amount of $100,000, in the event the Debtor failed to timely close the sale of the Property. A true and correct copy of the Assignment is attached hereto as **Exhibit "2"**.

8.　　In conjunction with the Extension, the Debtor likewise requested a Discounted Payoff (the "DPO") of the loan in the amount of $4,000,000.00, which the Bank approved.

9.　　The Bank granted both the Extension and the DPO on the condition that the Loan would be paid off by the Extended Maturity Date.

10.　　In connection with the Extension, the Debtor agreed to grant the Lender a collateral assignment of the $100,000 good faith deposit related to the Purchase Agreement (the "Deposit"), and in the event the purchase of the Property failed to timely close by the Extended Maturity Date, the Cohen-Johnson Firm would not be entitled to the refund of the good faith deposit; such deposit was supposed to be forwarded to the Bank to be applied to all amounts owing under the Loan pursuant to Joint Escrow Instructions.

11.　　Among the conditions set forth in the Extension Documents that had to be met to ensure that the DPO of $4,000,000 would not expire by the Extended Maturity Date were the (i) timely closing of the sale of the Property, or (ii) cancellation by Buyer or Seller (Debtor) of the Purchase Agreement.

12.　　On November 13, 2017, the Bank served upon the Debtor a letter regarding its default of the Extension because the sale of the Property under the Purchase Agreement failed to timely close, and the Deposit was not remitted to the Bank as agreed.

2

13.     Despite months and months of efforts by the Bank to enforce the Assignment of the runover of the deposit, the Debtor and the Cohen-Johnson Firm acted in concert and failed and refused to release the $100,000 earnest money deposit to the Bank as agreed under the Assignment.

14.     After nearly four (4) months of efforts by the Bank to enforce the Assignment, on or around February 9, 2018, I reached Attorney Stan Johnson via telephone regarding the commencement of litigation against the Cohen-Johnson Firm, the Debtor and the Title Company, during which time Attorney Johnson admitted the following:

        a.     The borrower (likely through The Scotsman Trust) "loaned" the money to Cohen-Johnson, LLC to facilitate the purchase of the Property; and

        b.     Mr. Johnson had known Mr. Robinson, the principal of the Debtor, for one (1) year and is doing him a favor.

15.     I warned Attorney Johnson that the Bank would seek fees and costs for bringing litigation against the Cohen-Jonson Firm, the Debtor and title, and likewise raised with Attorney Johnson the conflict of interest he and his firm had by representing the Debtor to proceed in bad faiths and in breach of the Assignment, and that the Cohen-Johnson Firm committed ethical violations to aid and assist the Debtor in committing a breach, as both were in breach of the Assignment. I also discussed the Debtor's continued refusal to comply with the Bank's requests to turn over the lease payments derived from the Property to which the Bank was entitled pursuant to the Assignment of Rents.

16.     On February 9, 2018, Cohen-Johnson, LLC, through its manager H. Stan Johnson, executed the Instructions Release of Funds Prior to Close for the release of $100,000 to the Bank, a true and correct copy of which is attached hereto as **Exhibit "3"**.

**BANKRUPTCY**

17.     On April 25, 2018, Debtor filed a voluntary chapter 11 petition ("Petition") [ECF No. 1].

18.     On May 9, 2018, Debtor filed an Application for Authorization to Retain and Employ Counsel Under General Retainer [ECF No. 10] to employ the law offices of Cohen Johnson Parker Edwards as bankruptcy counsel.

HOLLEY·DRIGGS·WALCH
FINE·WRAY·PUZEY·THOMPSON

19.     In the Application, the Firm makes a cursory statement in the declaration of Attorney Johnson, but does not disclose to this Court its role and participation in the purchase of the Property and its default under the Assignment, and the fact that the funds deposited into escrow to purchase the Property did not belong to the Cohen-Johnson Firm, but instead belonged to the Trust, an insider of the Borrower:

> Several months ago, I did submit an offer to purchase one of the buildings formerly owned by The Springs Building, LLC located at 375 E. Warm Springs Road, Las Vegas, Nevada 89117. However, such offer was rejected and the property proceeded to foreclosure.

[ECF No. 10, Johnson Decl., p 4, n. 1].

20.     As a result, the Firm does not meet the disinterestedness test and cannot be employed as Debtor's counsel.

I declare under penalty of perjury that the foregoing is true and correct.

EXECUTED on this _29th_ day of May, 2018.

OGONNA M. ATAMOH, ESQ.

HOLLEY·DRIGGS·WALCH
FINE·WRAY·PUZEY·THOMPSON

HDW

# EXHIBIT "1"

# COHEN | JOHNSON | PARKER | EDWARDS

ATTORNEYS & COUNSELORS AT LAW
255 E. Warm Springs Rd., Suite 100
Las Vegas, Nevada 89119
702-823-3500 tel
702-823-3400 fax

H. Stan Johnson, Esq.
sjohnson@cohenjohnson.com
cohenjohnson.com

August 24, 2017

**Via Email**
Ron Robinson
319 Ea. Warm Springs Rd, Suite 100
Las Vegas, Nevada 89119

Re: Purchase of 319 Ea. Warm Springs Road

Dear Ron:

Enclosed please find the execution version of the purchase agreement. I have signed it on behalf of the buyer. Please execute it and send back a fully executed copy. We look forward to working with you on closing this transaction.

COHEN|JOHNSON|PARKER|EDWARDS

H. Stan Johnson, Esq.

HSJ/

SALE AND PURCHASE AGREEMENT

THIS AGREEMENT, made and entered into by and between Springs Building LLC, 319 E. Warm Springs Road, Suite 100, Las Vegas, Nevada 89119 hereafter called "Seller", and Cohen-Johnson, LLC, 255 Ea. Warm Springs Road, Suite 100, Las Vegas, Nevada 89119 and/or nominee hereafter called "Buyer", shall constitute a Sale and Purchase Agreement between Seller and Buyer.

WITNESSETH THAT:

WHEREAS, Seller is the fee simple owner of a certain parcel of real property located in the County of Clark and State of Nevada, Clark County, described as:

Tax Parcel No # 177-09-514-009, Bermuda & Warm Springs Coml Ctr, Plat Book 79 Page 65, PT Lot 1("Property"); and

WHEREAS, Buyer desires to purchase Seller's interest in above described Property upon the terms and conditions contained herein; and

NOW, THEREFORE, in consideration of the mutual covenants and agreements contained herein, Seller and Buyer agree as follows:

*A G R E E M E N T*

The purchase price of the Property shall be:

FOUR MILLION DOLLARS ($4,100,000).

The Purchase Price shall be paid as follows: Buyer to deliver to Title Company the Sum of $100,000.00 cash US as a non-refundable earnest money deposit to be applied toward the purchase price upon the satisfaction of all due diligence stated herein. On or before close of Escrow, Buyer shall deposit with escrow agent the balance of the Purchase Price in cash.

AND IT IS HEREBY FURTHER AGREED:

1.) ESCROW INSTRUCTIONS:  Escrow to be opened within five (5) business days of receipt of signed Purchase Agreement with First American Title Company, Escrow Officer: The Escrow Agent shall prepare the Escrow Instructions which strictly conform with the terms and conditions of this Purchase Agreement and shall not supersede, modify or amend any of the terms of this Agreement, and in the event of any conflict or ambiguity between any of the terms of this Agreement and those of the Escrow Instructions, the terms and conditions herein shall govern and control.  The Title Company shall accept the earnest money deposit and release and deliver to Seller any deposited funds in accordance with the provisions of this Agreement. In the event the end date for the Buyer's Due Diligence Period and/or the Close of Escrow date falls on a weekend or holiday, it shall automatically be extended until 5:00 PM on the next business day.

2.) CLOSING COSTS:  The cost of the Title Insurance Policy, Real Property Transfer Tax and Reconveyance Fees shall be paid for by the Seller.  Escrow Fees shall be split, 50% by the Buyer and 50% by the Seller. Taxes,

insurance, rents and interest shall be prorated to the Close of Escrow; all other costs shall be divided according to normal customary manner. The Seller shall pay all assessments in full.

3.) NEVADA LAW:    This Agreement shall be deemed to be made under and construed in accordance with and governed by the laws of the State of Nevada.

4.) ADDITIONAL DOCUMENTS:    At or before the Close of Escrow, the parties hereto agree to execute, acknowledge, and deliver such documents and instruments as may be reasonably necessary to carry out the full intent and purpose of this Agreement. Buyer, at Buyer's expense, may create a parcel map or subdivision map, and/or apply for zoning change on the subject Property before Close of Escrow and Seller agrees to execute all documents necessary to accomplish this.

5.) REPRESENTATIONS AND WARRANTIES OF SELLER:    Seller agrees to convey at Close of Escrow to Buyer good, marketable and insurable fee title to the Property by Grant Bargain and Sale Deed, free and clear of all mortgages, liens, encumbrances, leases, tenancies, security interests, covenants, conditions, restrictions, rights-of-way, easements, judgments and other matters affecting title, subject only to the Permitted Exceptions. During the period of time that Seller has held the Property, Seller has done nothing which would affect the title to the Property except as may be set forth in the Permitted Exceptions.

6.) INSPECTION:    Prior to the Close of Escrow, Buyer or his agents or designees shall be entitled to enter upon the Property, during such times as Buyer is not in breach or default under this Agreement, for the purpose of inspecting same.

7.) SUCCESSORS AND ASSIGNEES:    This Agreement shall apply to, inure to the benefit of and be binding upon and enforceable against the parties hereto and their respective successors, assigns, heirs, executors, administrator and legal representative to the same extent as if specified at length throughout this Agreement. Buyer shall have the unconditional right to assign its position under this Agreement, (or under the Deed of Trust) and/or designate a nominee to take title to the Property at the Close of Escrow. Seller and Buyer are both aware that Seller and/or Buyer may be part of a 1031 tax deferred exchange. Buyer and/or Seller shall each pay their own expenses to complete their 1031 tax deferred exchange. Seller and Buyer will co-operate with each other and sign all necessary documents.

8.) BUYER'S DUE DILIGENCE PERIOD:    Seller shall grant Buyer a period of 45) days after execution of this agreement for Buyer to make its Due Diligence investigation of the Property to review and approve (A), (B) and (C) or make whatever compromise necessary to the mutual satisfaction of both parties

- A.) PRELIMINARY TITLE REPORT:    Escrow Agent shall deliver to Buyer within 10 days from the opening of Escrow a current Preliminary Title Report and Title Commitment (the "Report") on the Property leading to the issuance of a CLTA Policy of Title Insurance covering the Property. The Report shall show the status of title to the Property as of the date of the Report and shall be accompanied by legible copies of all documents referred to in the Report. If, in the reasonable judgment of Buyer, title is found to be defective, Buyer, within said period, shall notify Seller in writing specifying the defect(s). If Seller does not cure such defect(s) to Buyer's reasonable satisfaction, Buyer shall have the option to terminate this agreement in that event the herein deposit shall be delivered to the Seller

- (B) Seller shall cooperate during Buyers due diligence investigation of the Property in order to allow Buyer to inspect, examine, analyze at Buyers expense any or all of the following: appraisals of the Property; surveys; engineering studies; soil tests; water and well tests; soil conditions; topographic studies; availability and costs of providing utilities; sanitary sewers and storm sewers; flood protection; environmental impact reports; toxicity report; Subdivision Map Act requirements; zoning and planning regulations; proposed development of the Property and similar material as well as real Property tax assessment records. At any time within the Due Diligence Period, Buyer may elect, at its sole discretion, to terminate this Purchase Agreement by exercising the option to: (i) terminate the Escrow and all obligations under the Purchase Agreement by giving written notice of cancellation to Escrow Agent within the period specified above, in which event the Earnest Money Deposit shall be retained by Seller without any further notice or approval by the Buyer and/or Title Company and all parties shall be released of all further obligations under the Purchase Agreement. The parties hereto believe that the Deposit(s) is a reasonable estimate of Seller's damages, and Seller's right to receive the Deposit(s) shall be at its sole and exclusive remedy for Buyer's failure to perform its obligations under this Agreement.

- C.) At the expiration of the due diligence period, Buyer (or its representatives) will have fully examined and inspected the Property. Buyer will know and be satisfied with all aspects of the Property as of such date and Buyer shall accept the Property in it's "AS IS," "WHERE IS" condition. Buyer acknowledges that, except as specifically set forth in this Agreement, no representations or warranties have been made or are made and no responsibility has been or is assumed by Seller or by any member, manager, officer, person, firm, agent or representative acting or purporting to act on behalf of Seller as to the condition or repair of the Property or the value or income potential thereof, the availability of utilities thereto, or as to any other fact or condition which has or might affect the Property or the condition, repair, value, expense of operation or Buyer's ability to develop the Property or any portion thereof. Buyer agrees that all understandings and agreements heretofore made between Buyer and Seller or their respective agents or representatives are merged in this Agreement and any annexed hereto, which alone fully and completely express their agreement, and that this Agreement has been entered into after full investigation, without Buyer relying upon any statement or representation by Seller unless such statement or representation is specifically embodied in this Agreement and any Exhibits annexed hereto.

9.) CLOSE OF ESCROW:    Close of Escrow with respect to the Property shall occur on or before 60 days from the signing of the contract.

10.) TIME IS OF THE ESSENCE: Time is of the Essence with this Agreement.

11.) SEVERABILITY:    If any clause or provision of this Agreement is held to be illegal, invalid or unenforceable, or the application thereof to any person or circumstance shall to any extent be illegal, invalid or unenforceable under present or future laws effective during the term hereof or of any provisions hereof which survive Closing, then and in any such event, it is the expressed intention of the parties hereto that the remainder of this Agreement, or the application of such clause or provision other than to those which it is held illegal, invalid or unenforceable, shall not be affected thereby, and each clause or provision of this Agreement and the application thereof shall be legal, valid and enforceable to the fullest extent permitted by law.

12.) COUNTERPARTS:   This Agreement may be executed in two (2) or more counterparts and each counterpart shall be deemed an original and one and the same Agreement.

13.) SURVIVAL:  Buyers and Sellers warranties, agreements, covenants, conditions and representations set forth in this Agreement shall survive the Closing and shall not be merged upon delivery of the Deed from Seller to Buyer nor upon payment of the Purchase Price to Seller.

14.) POSSESSION:   Possession of the Property shall pass at Closing.

15.) BROKER: Buyer and Seller each warrant to the other that no real estate brokers or agents have been used or consulted in connection with the purchase and sale of Property.

16.) AGENCY DISCLOSURE:  N/A

17.) DISCLOSURE:  N/A

18.) ACCEPTANCE:   If the offer contained herein is not accepted by Seller by execution hereof and personal delivery of this Agreement to Buyer prior to 5:00 p.m. Pacific Standard Time on or before, August 25, 2017, then the offer of Buyer to purchase the Property shall become null and void.

19.) SIGNATURES:  By the signing of this Purchase Agreement, both parties state herein that they have read and understand the entire Purchase Agreement and agree to Purchase/Sell the above described Property under the Terms and Conditions herein stated. This is a Legal Instrument. If not understood, legal, tax or other Counsel should be consulted before signing.  All facsimile signatures are to be considered as originals.

20.) ENTIRE AGREEMENT: This Agreement constitutes the entire agreement between the parties and cannot be varied except by a written agreement executed by both parties. The parties agree that there are no oral agreements, understandings, representations or warranties, which are not expressly set forth herein.

SPRINGS BUILDING, LLC

By: _____     _8/25/17_____
                                                                              Date

Its: _____

COHEN-JOHNSON, LLC

By: _H. Stan Johnson_____        _8-24-2017_____
                                                                             Date

Its: _Manager_____

Page 4 of 4

# EXHIBIT "2"

## ASSIGNMENT OF PROCEEDS

This ASSIGNMENT OF PROCEEDS ("Assignment") is made and entered into as of the ____ day of October, 2017 (the "Effective Date"), by and between THE SPRINGS BUILDING, LLC, a Nevada limited liability company ("Springs Building"), THE SCOTSMAN TRUST DATED JUNE 1, 1996, a Nevada trust (the "Trust") and COHEN-JOHNSON, LLC ("Cohen-Johnson") (collectively, the "Assignor") on one hand and WESTERN ALLIANCE BANK, an Arizona corporation and successor in interest to Bank of Nevada ("Assignee") on the other hand.

### RECITALS

WHEREAS, the Loan is evidenced by an Amended and Restated Promissory Note (Note A), dated September 30, 2014, in the original principal amount of $4,000,000, executed by Springs Building in favor of Assignee, and an Amended and Restated Promissory Note (Note B), dated September 30, 2014, in the original principal amount of $1,743,655.65, executed by Springs Building in favor of Assignee (collectively, the "Notes").

WHEREAS, the Notes are secured by the security documents including, but not limited to, a Deed of Trust dated December 14, 2007, recorded in the Official Records of Clark County, Nevada (the "Clark Official Records") on December 20, 2007, as Document No. 20071220-0005531, granting Assignee a security interest in real property located at 375 Warm Springs Road, Las Vegas, Nevada and identified as Assessor's Parcel Number 177-09-514-009 (the "Property"), and as amended by Modification of Deed of Trust and Assignment of Rents and Leases, dated September 30, 2014, recorded in the Clark Official Records on October 16, 2014 as Instrument No. 20141016-0002192.

WHEREAS, the Springs Building's Loan was unconditionally guaranteed by each of the Guarantors Robinson and Park Place pursuant to a personal guaranty executed on December 14, 2007 ("Guaranty").

WHEREAS, the Notes are further secured by the security documents including, but not limited to, a Deed of Trust, Security Agreement, Assignment of Rents, and Fixture Filing dated September 30, 2014, recorded in the Official Records of San Bernardino County, California (the "San Bernardino Official Records") on October 21, 2014, as Document No. 2014-0392826, wherein the Trust granted Assignee a security interest in additional real property located at 40588 Ironwood Drive, Big Bear Lake, California 92315 (the "California Property") and a Deed of Trust, Security Agreement, Assignment of Rents, and Fixture Filing dated September 30, 2014, recorded in the Clark Official Records on October 16, 2014, as Document No. 20141016-0002214, granting Assignee a security interest in real property located at 808 5th Street, Boulder City, Nevada 89005, and identified as Assessor's Parcel Number 186-09-610-034 (the "Boulder Property") pursuant to the Amendment to Loan Documents dated September 30, 2014.

WHEREAS, the Loan matured by its own terms on August 31, 2017 ("Maturity Date").

WHEREAS, the Springs Building entered into the Sale and Purchase Agreement dated August 25, 2017 (the "Purchase Agreement"), as the seller, and Cohen-Johnson as the buyer (the "Buyer").

07397-24/1956035

WHEREAS, in connection with the Purchase Agreement, on October 13, 2017, the Trust caused to be deposited on behalf of the Buyer a wire deposit of $100,000.00 to First American Title Insurance Company National Commercial Services in connection with Escrow No. NCS-866499-HHLV.

WHEREAS, Springs Building is required to pay off the matured Loan for the Payoff Amount.

WHEREAS, Springs Building is owner of the Property that is the subject the sale under the Purchase Agreement. and

WHEREAS, Assignor, the Trust and Cohen-Johnson desire to assign to Assignee the Payoff Amount arising from their respective rights, title and interest in and to the proceeds resulting from any sale of the Property by Assignor under the Purchase Agreement or to any other party, subject to the terms of this Assignment.

NOW, THEREFORE, in consideration of the mutual promises and covenants hereinafter set forth, Assignor, the Trust and Cohen-Johnson on one hand, and Assignee on the other hand, hereby agree as follows:

## AGREEMENT

1.      Assignment. Assignor, the Trust and Cohen-Johnson hereby absolutely, irrevocably, and unconditionally assigns to Assignee the earnest money deposit in the amount of $100,000.00 deposited by the Trust on behalf of the Buyer in connection with the Purchase Agreement ("Deposit"), which Deposit is held by First American Title Insurance Company National Commercial Services in connection with Escrow No. NCS-866499-HHLV, Assignor's right, title, and interest in and to the Deposit to repay the Loan in accordance with the Notes to Assignee. Assignee hereby accepts the foregoing assignment and agrees that the Deposit shall be applied to the Loan in accordance with the Notes and any other applicable agreements between the parties.

2.      Representations and Warranties of Assignor, the Trust and Cohen-Johnson. , the Trust and Cohen-Johnson hereby represent and warrant to Assignee that , the Trust and Cohen-Johnson have not pledged or promised to assign anyone other than Assignee any portion of the Deposit under the Purchase Agreement.

3.      Further Assurances. Assignor, the Trust and Cohen-Johnson and Assignee agree to execute such other documents and perform such other acts as may be reasonably necessary or proper and usual to effect this Assignment.

4.      Governing Law; Jurisdiction. This Assignment shall be construed under and enforced in accordance with the laws of the State of Nevada. The parties agree that any proceeding

brought with respect to the performance or enforcement of this Agreement shall be brought in a court of competent jurisdiction in the State of Nevada.

      5.      Attorneys' Fees; Costs. Upon the bringing of any action or suit by either party under this Assignment relating to the subject matter hereof, the party in whose favor final judgment shall be entered shall be entitled to recover from the other party all costs and expenses of suit including, without limitation, reasonable attorneys' fees and costs.

      6.      Counterparts. This Assignment may be executed by facsimile signature and in two or more counterparts, each of which shall constitute an original, but all of which, when taken together, shall constitute but one instrument. This Assignment shall become effective when one or more counterparts have been signed by each party hereto and delivered to each other party.

      7.      Severability. If any provision of this Assignment or the application thereof becomes or is deemed by a court of competent jurisdiction or other governmental entity to be illegal, void, or unenforceable, the remainder of this Assignment will continue in full force and effect, and the application of such provision to other persons or circumstances will be interpreted so as reasonably to effect the express intent of the parties hereto. The parties further agree to replace such void or unenforceable provision of this Assignment with a valid and enforceable provision that will achieve, to the extent possible, the economic, business, and other purposes of such void or unenforceable provision.

[REMAINDER OF PAGE LEFT BLANK INTENTIONALLY]

07397-24/1956035

8.    Successors and Assigns. This Assignment shall inure to the benefit of, and be binding upon, the successors, executors, administrators, legal representatives, and assigns of the parties hereto.

IN WITNESS WHEREOF, Assignor, the Trust and Cohen-Johnson and Assignee have executed this Assignment as of the Effective Date.

**ASSIGNOR**:
The Springs Building, LLC, a Nevada
limited liability company

By: _____
Name: Ronald J. Robinson
Its: Trustee of the Scotsman Trust under
Trust Agreement dated June 1, 1996,
Managing Member

**THE TRUST:**
The Scotsman Trust dated June 1, 1996, a
Nevada Trust

By _____
Name: Ronald J. Robinson
Its: Trustee

**BUYER:**
Cohen-Johnson, LLC

By: _____
Name: _____
Its: _____

**ASSIGNEE**:

Western Alliance Bank, an Arizona
corporation, successor in interest to Bank of
Nevada

By: _____
Name: _____
Its: _____

07397-24/1956035

8.    Successors and Assigns. This Assignment shall inure to the benefit of, and be binding upon, the successors, executors, administrators, legal representatives, and assigns of the parties hereto.

IN WITNESS WHEREOF, Assignor, the Trust and Cohen-Johnson and Assignee have executed this Assignment as of the Effective Date.

**ASSIGNOR:**
The Springs Building, LLC, a Nevada
limited liability company

By: _____
Name: Ronald J. Robinson
Its: Trustee of the Scotsman Trust under
Trust Agreement dated June 1, 1996,
Managing Member

**THE TRUST:**
The Scotsman Trust dated June 1, 1996, a
Nevada Trust

By: _____
Name: Ronald J. Robinson
Its: Trustee

**BUYER:**
Cohen-Johnson, LLC

By: _H. Stan John_____
Name: H. Stan Johnson_____
Its: _Manager_____

**ASSIGNEE:**

Western Alliance Bank, an Arizona
corporation, successor in interest to Bank of
Nevada

By: _____
Name: _____
Its: _____

07397-24/1956035

8.    Successors and Assigns. This Assignment shall inure to the benefit of, and be binding upon, the successors, executors, administrators, legal representatives, and assigns of the parties hereto.

IN WITNESS WHEREOF, Assignor, the Trust and Cohen-Johnson and Assignee have executed this Assignment as of the Effective Date.

**ASSIGNOR**:
The Springs Building, LLC, a Nevada limited liability company

By: _____
Name: Ronald J. Robinson
Its: Trustee of the Scotsman Trust under Trust Agreement dated June 1, 1996, Managing Member

**THE TRUST:**
The Scotsman Trust dated June 1, 1996, a Nevada Trust

By: _____
Name: Ronald J. Robinson
Its: Trustee

**BUYER:**
Cohen-Johnson, LLC

By: _____
Name: _____
Its: _____

**ASSIGNEE:**

Western Alliance Bank, an Arizona corporation, successor in interest to Bank of Nevada

By: _____
Name: _Janice Maxwell_
Its: _Vice President_

07397-24/1956035

# EXHIBIT "3"



## First American Title Insurance Company
### National Commercial Services
2500 Paseo Verde Parkway, #120,  Henderson, NV 89074
(702)855-0860 -  Fax (866)289-5654

## ESCROW INSTRUCTIONS
## RELEASE OF FUNDS PRIOR TO CLOSE

To: First American Title Insurance Company                    File No.:  NCS-866499-HHLV (NP)
    National Commercial Services
    2500 Paseo Verde Parkway, #120,

    Henderson, NV 89074
    Escrow Officer: Nikki Prine                              Today's Date: 02/09/2018
                                                             Settlement Date:  TBD

Re: 319 East Warm Springs, Las Vegas, NV 89119

You hold in the above referenced escrow the sum of **$100,000.00** .

Buyer and Seller have agreed that the sum of **$100,000.00**  is to be released prior to the consummation and closing of this escrow.

Buyer understands that **First American Title Insurance Company National Commercial Services** and its employees make no warranty or representation of any kind, expressed or implied as to the ownership of, or title to, the property described in this escrow, nor as to any encumbrances or liens thereon, nor as to the condition and/or the ultimate outcome of this escrow nor in any manner or form as an inducement to make the above payment. Buyer further realizes that no instruments in Buyer's favor have been recorded, nor Policy of Title Insurance issued.  Buyer nevertheless desires to release said funds.

THEREFORE, from funds now on deposit in this escrow, you are instructed to pay **$100,000.00** to the order of: **Western Alliance Bank, an Arizona corporation and successor in interest to Bank of Nevada**

Whether or not this escrow closes, you are not to be held liable or responsible for any loss or damage which Buyer might sustain by reason of making the above payment.

Escrow Holder will not disburse until funds deposited in escrow have cleared through bank on which drawn.

Each of the undersigned states and declares that he/she has read the foregoing instructions and understands, accepts and approves them and does hereby acknowledge receipt of a copy of these instructions.

**First American Title Insurance Company National Commercial Services**

2500 Paseo Verde Parkway, #120
Henderson, NV 89074

File No.: NCS-866499-HHLV (NP)

Date: 02/09/2018

The Springs Building, LLC, a Nevada limited liability company

By:_____
    Alisa M. Davis, Managing Member

By: The Scotsman Trust, Managing Member

By:_____
    Ronald J. Robinson, Trustee

Cohen-Johnson, LLC

By:_____
Name: H. Stan Johnson
Title: Manager

**CERTIFICATE OF SERVICE**

I hereby certify that I am an employee of Holley Driggs Walch Fine Wray Puzey & Thompson, and that on the _19th_ day of May, 2018, I caused to be served a true and correct copy of the DECLARATION OF OGONNA M. BROWN IN SUPPORT OF OBJECTION TO DEBTOR'S APPLICATION BY DEBTOR AND DEBTOR-IN-POSSESSION FOR AUTHORIZATION TO RETAIN AND EMPLOY COUNSEL UNDER GENERAL RETAINER in the following manner:

☒    (ELECTRONIC SERVICE)  Under Administrative Order 02-1 (Rev. 8-31-04) of the United States Bankruptcy Court for the District of Nevada, the above-referenced document was electronically filed on the date hereof and served through the Notice of Electronic Filing automatically generated by that Court's facilities.

☐    (UNITED STATES MAIL)  By depositing a copy of the above-referenced document for mailing in the United States Mail, first class postage prepaid, at Las Vegas, Nevada, to the parties listed on the attached service list, at their last known mailing addresses, on the date above written.

☐    (OVERNIGHT COURIER)  By depositing a true and correct copy of the above-referenced document for overnight delivery via Federal Express, at a collection facility maintained for such purpose, addressed to the parties on the attached service list, at their last known delivery address, on the date above written.

☐    (FACSIMILE)  That I served a true and correct copy of the above-referenced document via facsimile, to the facsimile numbers indicated, to those persons listed on the attached service list, on the date above written.

An employee of Holley Driggs Walch Fine Wray Puzey & Thompson