**COHEN|JOHNSON|PARKER|EDWARDS**
H. STAN JOHNSON, ESQ.
Nevada Bar No. 00265
CHARLES ("CJ") E. BARNABI JR., ESQ.
Nevada Bar No. 14477
375 East Warm Springs Road, Ste. 104
Las Vegas, Nevada 89119
Telephone:    (702) 823-3500
Facsimile:     (702) 823-3400

*Attorneys for Debtor*

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>THE SPRINGS BUILDING, LLC,<br><br>Debtor. | Case No.: 18-12320-leb<br>Chapter 11<br><br>Hearing Date: 6/12/2018<br>Hearing Time: 9:30 a.m. |

**REPLY IN SUPPORT OF APPLICATION BY DEBTORS AND DEBTORS-IN-POSSESSION FOR AUTHORIZATION TO RETAIN AND EMPLOY COUNSEL UNDER GENERAL RETAINER**

THE VILLAGES, LLC ("Debtors") hereby submit this Reply in Support of their previously filed application to retain and employ Cohen Johnson Parker Edwards as counsel under general retainer. While Western Alliance Bank ("Western") has opposed the Application there is no substance to the claims made in their Objection. Western presumes that a failed business transaction involving the Firm for the sale of 319 E. Warm Springs Road, Las Vegas, NV 89119, has any lingering or ongoing affect, which would make the firm a "materially adverse party." As conceded by Western, Cohen-Johnson, LLC, in February 2018, provided through the Debtor's representative, Ronald Robinson, trustee for The Scotsman Trust, the $100,000 which was provided as earnest money for a transaction wherein Western would accept

$4,000,000 as full satisfaction of the A/B notes.[1] Western does not explain how this was "complicit" behavior that would disqualify the Firm from representation. And the reason they do not explain it is because they can not. The mere fact that Western disaproves of the Firm being a one time potential buyer in an void and termination purchase agreemnt is not grounds for disqualification.

# I.

## SUPPLEMENTAL LEGAL ARGUMENT

### A. The Failed Sale Involving the Firm Is Not a Basis to Prove Disinterestedness and the Application Should Be Granted.

Western's assertion that the Firm is not disinterested is error since there is no adverse position to the bankruptcy estate or to the actual Debtor. An expired and terminated sales agreement does not create an adverse position, it creates no position. The Bankruptcy Code requires the same decree of disinterestedness on part of an attorney employed by the debtor that would be required as if a trustee were appointed under 11 U.S.C. § 1104. *In re Sauer* (1995, BC DC Neb) 191 BR 402. A close comparison between language used in 11 U.S.C.S. § 327 and language used in 11 U.S.C.S. § 101(14) indicates that there is distinction between interests that are adverse to "estate," which is not permissible, and interests that may be adverse in some sense to a class of creditors or equity security holders, but that are not "materially" adverse interests. *In re Sonya D. Int'l, Inc.* (2012, BC CD Cal) 484 BR 773; *In re Marvel Entm't Group, Inc.*, 140 F.3d 463, 476 (3d Cir. 1998) HN7 ((1) section 327 imposes a per se disqualification of any professional who has an actual conflict of interest; (2) the court may, within its discretion, disqualify a professional who has a potential conflict of interest; and (3) the court may not

---

[1] Mr. Johnson disputes that the undertaking was for the purpose of "doing a favor" for Mr. Robinson. Objection, p. 6:9-10. The transaction was a legitimate offer to purchase which did not close because one partner of the group who was interested in buying the building dropped out and a replacement partner was not able to be found.

Page 2 of 4

disqualify a professional solely on the basis of an appearance of conflict).  *In re Sonya D. Int'l, Inc.*, 484 B.R. 773, 2012 Bankr. LEXIS 5763.[2]

Applications to employ counsel have been granted in circumstances seemingly appearing to have greater conflict than what Western attempts to paint.  In *In re Keravision, Inc.*, 273 B.R. 614, 615 (N.D. Cal. 2002), the Court addressed an appeal of an order granting the debtor's application seeking to employ a law firm as its counsel where two of the partners owned a small amount of the debtor's stock, one of the these two partners had served as the debtor's corporate secretary until approximately three weeks before the debtor initiated bankruptcy proceedings, and the same partner had served as outside general corporate counsel for the debtor. *Id.* at 615. Relying on the plain language of Sections 101(14) and 327(a) of the Bankruptcy Code, the Court held that "a law firm is not per se disqualified from employment by a debtor solely because one of its partners was an officer of the debtor. Instead, a bankruptcy court must determine if the law firm is directly disqualified, for example, whether it has an interest adverse to the estate, is an insider, or functioned as an officer." *Id.* at 619. This decision was subsequently affirmed. *United States Trustee v. Keravision, Inc.*, 421 F.3d 1153, 1154 (9th Cir. 2005).

Western allegations of the Firm not being disintrerested are not supported by any relevant

---

[2] Furthermore, a claimed lack of disclosure does not prevent the automatic disqualification of the Debtor's right to employ the professional pursuant to 11 U.S.C. § 327.

> Of course, disclosure of facts suggesting a conflict is not invariably followed by disqualification. In special circumstances, for example, the bankruptcy court could determine, in the sound exercise of its discretion, that any potential impairment of its institutional integrity, or risk of divided loyalty by counsel, was substantially outweighed by the benefits to be derived from counsel's continued representation of multiple entities or the impracticability of disentangling multiple interests "without unreasonable delay and expense." *In re Hoffman*, 53 Bankr. 564, 566 (Bankr. W.D. Ark. 1985).

*Rome v. Braunstein*, 19 F.3d 54, 59, 1994 U.S. App. LEXIS 5171, *12, 30 Collier Bankr. Cas. 2d (MB) 1346, 25 Bankr. Ct. Dec. 695, Bankr. L. Rep. (CCH) P75,773.

COHEN|JOHNSON|PARKER|EDWARDS
375 E. Warm Springs Road, Ste. 104
Las Vegas, Nevada 89119
(702) 823-3500 FAX: (702) 823-3400

facts. Furthermore, the Firm was required to disclose all relevant connections. Fed. R. Bankr.P. 2014; *In re Costa Bonita Beach Resort Inc.*, 479 B.R. 14, 29 (Bankr. D.P.R. 2012). There are no connections between the Firm and the debtor when the contract of sale is terminated and of no effect long before the Firm is retained to represent the debtor. The terminated contract is clearly not a material interest adverse to the estate.

## II.

## CONCLUSION

Wherefore based on the foregoing Debtor respectfully requests that the Application to employ the Firm be granted as there is no conflict of interest and the Firm is disinterested as defined in the bankruptcy code.

Dated this 6th day of June 2018.

COHEN|JOHNSON|PARKER|EDWARDS

By:   /s/ H. Stan Johnson_____
H. Stan Johnson, Esq.
Nevada Bar No. 00265
Charles ("CJ") E. Barnabi Jr., Esq.
Nevada Bar No. 14477
375 East Warm Springs Road, Ste. 104
Las Vegas, Nevada 89119
*Attorneys for Debtor*